IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JAMES TALLEY, | |
| Plaintiff, | HON. JEROME B. SIMANDLE |
| v. | Civil Action No. 04-1146 (JBS) |
| THE CITY OF ATLANTIC CITY NEW JERSEY, THE MAYOR OF ATLANTIC CITY NEW JERSEY, et al., | **MEMORANDUM ORDER** |
| Defendants. | |

  This matter comes before the Court upon Plaintiff pro se James Talley's motion for reconsideration (and summary judgment) of this Court's Opinion and Order of January 26, 2005, which granted Defendants' motion to dismiss; also before the Court are the motion for sanctions and motion for preliminary injunctive relief of Plaintiff; and the Court having considered the submissions of the parties; and for good cause shown;

  THE COURT FINDS as follows:

1. This case arises out of Plaintiff's termination from employment as a firefighter with the City of Atlantic City, New Jersey in 1998, upon his testing positive for cocaine use.  Plaintiff, who had tested positive previously for drugs and who was subsequently terminated in 1995, was later reinstated upon his acceptance of the terms of the City of Atlantic City's "Last Chance Agreement," which provided that

any future positive drug test result would bring about his immediate termination.

2. On January 26, 2005, this Court granted Defendants' unopposed motion to dismiss for lack of jurisdiction and, alternatively, for failure to state a claim as to all counts of Plaintiff's Complaint.  Upon entry of this Court's Order, dismissing Plaintiff's Complaint in its entirety, Plaintiff filed a number of motions, all of which are presently before the Court.  On February 8, 2005, Plaintiff filed a motion for reconsideration of this Court's January 26, 2005 Opinion and Order and motion for summary judgment.  Plaintiff thereafter filed a motion for sanctions on February 23, 2005.  Finally, Plaintiff filed a motion for preliminary injunctive relief on June 2, 2005.

3. Local Civil Rule 7.1(i) of the United States District Court, District of New Jersey, governs motions for reconsideration. The rule requires that the moving party set forth the factual matters or controlling legal authority that it believes this Court overlooked when rendering its initial decision.  L. Civ. R. 7.1(i).  Whether to grant reconsideration is a matter within the district court's discretion, but it should only be granted where such facts or legal authority were indeed presented but overlooked. DeLong Corp. v. Raymond Int'l, Inc., 622 F.2d 1135, 1140 (3d

Cir. 1980), overruled on other grounds by Croker v. Boeing Co., 662 F.2d 975 (3d Cir. 1981); Williams v. Sullivan, 818 F. Supp. 92, 93 (D.N.J. 1993).  The purpose of a motion for reconsideration "is to correct manifest errors of law or to present newly discovered evidence."  Harsco Corp. v. Zlotnick, 779 F.2d 906, 909 (3d Cir. 1985), cert. denied, 476 U.S. 1171 (1986).  A motion for reconsideration is improper when it is used solely to ask the court to rethink what it has already thought through – rightly or wrongly. Oritani Savings & Loan Assoc. v. Fidelity & Deposit Co., 744 F. Supp. 1311, 1314 (D.N.J. 1990)(citing Above the Belt v. Mel Bohannan Roofing, Inc., 99 F.R.D. 99, 101 (E.D. Va. 1983)), rev'd on other grounds, 989 F.2d 635 (3d Cir. 1993). Nor is reconsideration warranted when the moving party simply recapitulates the cases and arguments considered by the court prior to rendering its initial decision.  Carteret Sav. Bank v. Shushan, 721 F. Supp. 705, 706-07 (D.N.J. 1989).

4. In its Opinion and Order of January 26, 2005, this Court determined that Plaintiff's Complaint must be dismissed for three main reasons.  First, this Court lacks subject matter jurisdiction over Plaintiff's claims, as Plaintiff has apparently failed to exhaust his administrative remedies. Second, even assuming jurisdiction, Plaintiff's Complaint

does not set forth a claim upon which relief could be granted, as the pleadings do not support a finding of municipal liability under the standard set forth in <u>Monell v. Dept. of Social Services of City of New York</u>, 436 U.S. 658, 698 (1978).  Finally, Plaintiff's lawsuit is time-barred, as he filed his Complaint four years after the statute of limitations for such a cause of action had run.

5. In his motion for reconsideration, which he also titles a motion for summary judgment, Plaintiff presents nothing that would move this Court to revisit its prior determination. Plaintiff does not argue that there has been a change in the law, that there is new evidence, or that the Court's Order was based on a clear error of law which, if uncorrected, would result in manifest injustice.  Thus, reconsideration is wholly inappropriate and Plaintiff's motion for the same must be denied.  Reconsideration is also inappropriate where the movant had submitted nothing for the court's consideration on the original, underlying motion.

6. Plaintiff has also filed a motion for sanctions pursuant to Rule 11, Fed. R. Civ. P.  Plaintiff's sole basis for this motion is his belief that "[t]he defendants only interest is to ignore my claim, again the actions of the defendants are only self-serving, the taxpayers of the city of Atlantic City are clearly being disenfranchised.  The parties that

|   |   |
|---|---|
|   | have to pay the bill for the administrations willful neglect will be the taxpayer of the city of Atlantic City."  In response to this motion, Defendants have moved for reasonable attorneys' fees and costs pursuant to Rule 11(c)(1)(A), Fed. R. Civ. P., arguing that sanctions are appropriate against Plaintiff. |
| 7. | The Court finds that Plaintiff's motion for sanctions is wholly without merit and must be denied.  A party is not subject to Rule 11 sanctions for defending a lawsuit, either by answer or motion, unless it does so by making frivolous arguments, not supported by fact or law.  Defendants' prior motion to dismiss cannot be said to be frivolous, as it raised defects in Plaintiff's Complaint which caused this Court to dismiss the same.  More importantly, Plaintiff's motion for sanctions runs directly contrary to the law of this case, in which Defendants' position was fully sustained.  In addition, although Defendants make a strong argument for why Rule 11 sanctions against Plaintiff might be appropriate here, the Court is loathe to impose sanctions upon a _pro_ _se_ party who clearly does not appear to comprehend the Federal and Local Rules of Civil Procedure. The Court thus finds that sanctions against Plaintiff would be improper at this time.  Should Plaintiff engage in a pattern of litigation abuse in the future by filing |

    frivolous motions with the Court, a renewed motion for sanctions by Defendants may be appropriate at that time. If so, the Court will then consider the imposition of all appropriate sanctions against Plaintiff under Rule 11 arising from his frivolous and vexatious filing of this sanctions motion, as well as any other misconduct occurring in this case. A word to the wise should be sufficient.

8. Finally, Plaintiff has filed an application for emergency relief, pursuant to Fed. R. Civ. P. 65. In ruling on a motion for preliminary injunction, the Court must consider the following four facts: (1) the likelihood that the moving party will prevail on the merits; (2) the extent to which, if any, the moving party will be irreparably harmed; (3) the extent to which the non-moving party will suffer irreparable harm if the injunction is granted; and (4) the public's interest. <u>AT&T Co. v. Winback and Conserve Program, Inc.</u>, 42 F.3d 1421, 1427 (3d Cir. 1994). Issuing a preliminary injunction is "an 'extraordinary remedy' and should be restricted to 'limited circumstances.'" <u>Instant Air Freight Co. v. C.F. Air Freight, Inc.</u>, 882 F.2d 797, 800 (3d Cir. 1988). The moving party bears the burden of proving that all elements required for an injunction are met. <u>See</u>, <u>Adams v. Freedom Forge Corp.</u>, 204 F.3d 475, 486 (3d Cir. 2000).

9.   Here, Plaintiff's motion fails on all four of the necessary showings for the extraordinary remedy of a preliminary injunction.  This case is over and this motion for preliminary injunctive relief is not procedurally proper in this dismissed case.  Even if this were not so, Plaintiff has not satisfied the four necessary prongs of preliminary injunctive relief.  First, Plaintiff has not demonstrated a likelihood of success on the merits; this Court dismissed Plaintiff's Complaint on the basis, <u>inter alia</u>, that it failed to state a claim upon which relief could be granted.  Second, Plaintiff has not set forth any proof of actual or imminent harm.  Third, the balance of harm tips strongly on the side of Defendants, although Plaintiff did not address this prong in his motion.  The reinstatement, back pay and/or damages Plaintiff seeks would undermine the City of Atlantic City's policy of drug intolerance in public employment.  Finally, the public interest lies with the City of Atlantic City in that the public is best served when a municipality provides protection from public employees who use illegal drugs.  For these reasons, Plaintiff's motion for a preliminary injunction must be denied.

THEREFORE, IT IS this **  16th  ** day of June, 2005 hereby

ORDERED that Plaintiff's motion for reconsideration of this Court's January 26, 2005 Opinion and Order [Docket Item No. 23-1] shall be, and it hereby is, **DENIED**; and

IT IS FURTHER ORDERED that Plaintiff's motion for summary judgment [Docket Item No. 24-1] shall be, and it hereby is, **DENIED**; and

IT IS FURTHER ORDERED that Plaintiff's application for sanctions [Docket Item No. 27-1] shall be, and it hereby is, **DENIED**; and

IT IS FURTHER ORDERED that Defendants' request for attorneys' fees and costs pursuant to Fed. R. Civ. P. 11(c)(1)(A), made in opposing Plaintiff's application for sanctions, shall be, and it hereby is, **DENIED** without prejudice to renewal in the event of any further litigation misconduct by Mr. Talley; and

IT IS FURTHER ORDERED that Plaintiffs' motion for a preliminary injunction [Docket Item No. 37-1] shall be, and it hereby is, **DENIED**; and

IT IS FURTHER ORDERED that the Clerk of Court shall close case on his docket.

 **s/ Jerome B. Simandle**
JEROME B. SIMANDLE
United States District Judge