[relates to Docket Items 50 & 51]

THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JAMES TALLEY,<br><br>    Plaintiff,<br><br> v.<br><br>THE CITY OF ATLANTIC CITY NEW JERSEY, <u>et</u> <u>al.</u>,<br><br>    Defendants. | HONORABLE JEROME B. SIMANDLE<br><br>Civil Action<br>No. 04-1146 (JBS)<br><br>**<u>OPINION</u>** |

APPEARANCES:

Mr. James Talley
P.O. Box 1864
Atlantic City, NJ 08404
    Plaintiff <u>pro</u> <u>se</u>

Donna Lee Vitale, Esq.
JASINSKI & WILLIAMS
The Old Guarantee Trust Building
1125 Atlantic Avenue
Suite 518
Atlantic City, NJ 08401
    Attorney for Defendants

**SIMANDLE**, District Judge:

    This matter comes before the Court upon two motions: (1) Plaintiff James Talley's (acting <u>pro</u> <u>se</u>) motion to reopen the case and (2) Defendants' motion for sanctions pursuant to Rule 11, Fed. R. Civ. P.  For the reasons discussed below, the Court will deny Plaintiff's motion to reopen the case, finding the motion wholly without merit.  In addition, the Court will grant Defendants' motion for Rule 11 sanctions.

I.   **BACKGROUND**

This case arises out of Plaintiff's termination from employment as a firefighter with the City of Atlantic City, New Jersey. As a firefighter, Plaintiff was required to undergo random drug testing. In June of 1995, Plaintiff tested positive for cocaine and was subsequently terminated. In April of 1997, Plaintiff was reinstated, conditioned, however, upon his acceptance of the terms of the City of Atlantic City's "Last Chance Agreement" wherein Plaintiff agreed that another positive drug test would result in his immediate termination. Less than eight months later, Plaintiff tested positive for cocaine and, after a disciplinary hearing, was terminated on March 13, 1998.

Approximately two years later, Plaintiff began what can only be described as an odyssey through the New Jersey state courts and federal courts during which Plaintiff initiated two actions alleging wrongful termination and filed more than a dozen motions, virtually all of which were unsuccessful. On March 7, 2000, Plaintiff filed a complaint in New Jersey Superior Court seeking to file an affidavit requesting permission to file a late Tort Claim Notice under N.J.Stat. Ann. 59:8-1. That request was denied. Plaintiff then moved to have the denial vacated but that motion was also denied. Plaintiff appealed that decision to the New Jersey Appellate Division, which denied the appeal. Finally,

Plaintiff filed a Notice of Petition for Certification in the New Jersey Supreme Court, which was dismissed for lack of prosecution in 2003.

Having exhausted matters in the state courts, Plaintiff filed a Complaint in this Court on March 10, 2004.  An Amended Complaint, which included twelve counts, was filed on June 7, 2004 (the "Amended Complaint").  In the Amended Complaint, Plaintiff alleges state claims and unspecified violations of his Fourth Amendment rights, specifically that (1) he was wrongfully terminated; (2) the City of Atlantic City breached the "Last Chance Agreement"; and (3) the City violated other unspecified civil rights based on the drug testing procedure.  Defendants filed a motion to dismiss on July 27, 2004. [Docket Item No. 7.] The unopposed motion was granted on January 26, 2005 due to lack of jurisdiction and, alternatively, for failure to state a claim as to all counts of the Amended Complaint. [Docket Item No. 21.]

After this Court's dismissal of the Amended Complaint in its entirety, Plaintiff filed a number of motions.  On February 8, 2005, Plaintiff filed a motion for reconsideration of this Court's January 26, 2005 Opinion and Order [Docket Item No. 23] and a motion for summary judgment. [Docket Item No. 24.] Plaintiff thereafter filed a motion for sanctions on February 23, 2005. [Docket Item No. 24.]  Next, on March 17, 2005, Plaintiff filed an eleven-page document titled "F. Civ. R. 7(G)." [Docket

3

Item No. 32.]  Finally, Plaintiff filed a motion for preliminary injunctive relief on June 2, 2005. [Docket Item No. 37.] Defendants filed opposition to all of these motions and their own motion for sanctions.  [Docket Item No. 28-30, 38.]

In a Memorandum Opinion and Order on June 16, 2005, this Court denied Plaintiff's motions for reconsideration, for sanctions, for summary judgment and for a preliminary injunction. [Docket Item No. 39.]  The Court also addressed Defendants' motion for reasonable attorneys' fees and costs pursuant to Rule 11(c)(1)(A), Fed. R. Civ. P.  Although recognizing that "Defendants make a strong argument for why Rule 11 sanctions against Plaintiff might be appropriate," the Court ultimately denied Defendants' motion for attorneys' fees and costs holding that sanctions are "improper at this time" because it was "loathe to impose sanctions upon a pro se party who clearly does not appear to comprehend the Federal and Local Rules of Civil Procedure."  Talley v. City of Atlantic City, No. 04-1146, Slip. op. at 5 (D.N.J. June 16, 2005).

The Court went on to warn Plaintiff, however, that

> **Should Plaintiff engage in a pattern of litigation abuse in the future by filing frivolous motions with the Court, a renewed motion of sanctions by Defendants may be appropriate at that time . . . [and] the Court will then consider imposition of all appropriate sanctions against Plaintiff under Rule 11 arising from his frivolous and vexatious filing of this sanctions motion, as well as any other misconduct occurring in this case.  A word to the wise should be sufficient.**

4

Id. at 5-6 (emphasis added).

After an unsuccessful appeal of this Court's decision,[1] and after passage of another year, Plaintiff began a new round of motion practice before this Court.  On February 9, 2007, Plaintiff filed a motion to reopen his case under Rule 60(b), Fed. R. Civ. P., to relitigate his 1998 termination.  In response, Defendants (1) opposed Plaintiff's motion to reopen and (2) renewed their motion for sanctions.  On July 3, 2007, Plaintiff filed a motion titled "Rule 201. Judicial Notice of Adjudicate Facts" but has failed to directly either reply to Defendants' opposition or oppose Defendants' motion for sanctions.  The Court has considered all of the parties' submissions without oral argument.

## II.  DISCUSSION

Two motions are presently before the Court: Plaintiff's motion to reopen the case and Defendants' motion for Rule 11 sanctions against Plaintiff.  The Court will address each motion separately.

### A. Plaintiff's Motion to Reopen the Case

---

[1] Plaintiff filed a Notice of Appeal to the Third Circuit Court of Appeals with this Court on August 5, 2005. [Docket Item No. 42].  By letter dated September 21, 2005, the Third Circuit informed Plaintiff that his notice of appeal was not filed within the time prescribed by the Federal Rules of Appellate Procedure and thus, the Court lacks appellate jurisdiction due to the untimely filing of the Notice of Appeal. [Docket Item No. 45.]

Plaintiff's February 9, 2007 filing includes a hodgepodge of requests. Plaintiff alleges that Defendants "have not fulfilled their discovery obligation as ordered by . . . Judge Donio" and that Defendants' "extra judicial statements have been extremely prejudicial to [his] claim." Plaintiff also seeks to reopen his case under Rule 60(b)(3), to amend his Amended Complaint, to amend the docket ("nunc pro tunc amendment of the docket, and relief from judgments and orders by striking off, the erred and fraudulent testimony presented by the defendants and their legal council [sic],") and numerous other forms of relief. Because it is the only conceivable motion at this stage in Plaintiff's case, the Court interprets this filing as Plaintiff's attempt to reopen this case under Rule 60(b), Fed. R. Civ. P.

### 1. Legal Standard of a Rule 60(b) Motion

Rule 60(b) provides relief from a final judgment or order, stating, in pertinent part:

> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence . . . ; (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

6

Fed. R. Civ. P. 60(b).  Plaintiff's requested relief is brought specifically under Rule 60(b)(3), which allows relief from a final judgment due to fraud or misrepresentation.  (Pl.'s Mot. at 3 ("I respectfully request relief from judgment . . . [because] [t]he defendants have presented fraudulent testimony to this court.")

A party moving under Rule 60(b) for relief from a judgment or order must clearly establish the grounds therefor to the satisfaction of the district court.  See Federal Deposit Ins. Corp. v. Alker, 234 F.2d 113, 116-17 (3d Cir. 1956). Furthermore, "relief under Rule 60(b) is discretionary with the district court."  Estate of Murdoch v. Penn., 432 F.2d 867, 870 (3d Cir. 1970).  To reopen a judgment under Rule 60(b)(3), specifically, a plaintiff must show, by clear and convincing evidence: "(1) that the adverse party engaged in fraud or misconduct; and (2) that this conduct prevented the moving party from fully and fairly presenting this case."  Bamigbade v. City of Newark, 2006 U.S. Dist. LEXIS 3534, at *7 (D.N.J. Jan. 30, 2006)(citing Stridiron v. Stridiron, 698 F.2d 204, 207 (3d Cir. 1983); see also Brown v. Penn. R.R. Co., 282 F.2d 522, 527 (3d Cir. 1960)).

    **2.   Analysis**

In this case, Plaintiff merely puts forth vague accusation without any evidence that any Defendant engaged in any acts of fraud or misconduct.  Claims of fraud must be plead with factual

specificity, as required by Rule 9(b), Fed. R. Civ. P., and blanket, conclusory allegations of the sort Mr. Talley hurls at adverse parties, with no factual support, do not suffice. Indeed, Plaintiff's blanket statement that "[t]he defendant's reprehensible conduct violated the Rules of Professional Conduct Guidelines for Litigation Conduct" and have "presented fraudulent testimony to this court" does not provide the Court with any framework from which to determine whether (1) any Defendant engaged in fraud or made any misrepresentations or (2) how such fraud prevented Plaintiff from fully and fairly presenting his case. Consequently, Plaintiff falls far short of meeting his burden under Rule 60(b)(3) and his motion to reopen will be denied.[2]

### B. **Defendants' Motion for Sanctions**

In response to Plaintiff's motion to reopen, Defendants' renew their motion for sanctions under Rule 11, Fed. R. Civ. P. Defendants argue that an imposition of sanctions is necessary "to deter further frivolous filings" due to Plaintiff's "exhibited . . . pattern of litigation abuse." (Def.'s Opp. Br. at 6.) Defendants contend that sanctions are necessary because, despite the Court's warning in its June 16, 2005 Memorandum Opinion and

---

[2] In addition, Plaintiff's motion provides no basis for relief under any of the other five categories set forth in Rule 60(b) as he has provided no explanation as to why this case should be reopened.

8

Order, "Plaintiff has continued his abusive frivolous and vexatious filings." (Id. at 7.) Plaintiff has not opposed this motion.

### 1. Legal Standard for Rule 11 Sanctions

Fed. R. Civ. P. 11 is intended to discourage the filing of frivolous, unsupported, or unreasonable claims by "impos[ing] on counsel a duty to look before leaping and may be seen as a litigation version of the familiar railroad crossing admonition to 'stop, look, and listen.'" Lieb v. Topstone Indus. Inc., 788 F.2d 151, 157 (3d Cir. 1986). Specifically, Rule 11 requires that an attorney or unrepresented party certify that any pleading, written motion or other paper presented to the court (1) is not presented for any improper purpose such as to harass or increase the costs of litigation and (2) the legal contentions contained "are warranted by existing law or by a non-frivolous argument for the extension, modification, or reversal of existing law." Fed. R. Civ. P. 11(b)(1), (2).[3] Rule 11 sanctions are

---

[3] Rule 11(b) states in pertinent part:

Representations to Court. By presenting to the court . . . a pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, --

   (1) it is not presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;

   (2) the claims, defenses, and other legal contentions

"aimed at curbing abuses of the judicial system," Cooter & Gell v. Hartmax Corp., 496 U.S. 384, 397 (1990), and "intended to discourage the filing of frivolous, unsupported, or unreasonable claims." Leuallen v. Borough of Paulsboro, 180 F. Supp. 2d 615, 618 (D.N.J. 2002). Pro se litigants are not immune from such sanctions. See Unanue Casal v. Unanue Casal, 132 F.R.D. 146, 152 (D.N.J. 1989) aff'd, 898 F.2d 839 (3d Cir. 1990).

In the Third Circuit, "the legal standard to be applied when evaluating conduct allegedly violative of Rule 11 is reasonableness under the circumstances." Ford Motor Co. v. Summit Motor Prod., Inc., 930 F.2d 277, 289 (3d Cir. 1991)(citations omitted). Reasonableness in the context of a Rule 11 inquiry has been defined as "an objective knowledge or belief at the time of the filing of a challenged paper that the claim was well grounded in law and fact." Id. If sanctions are warranted, the court must determine which type of sanction is most appropriate, imposing sanctions that are "sufficient to deter repetition of such conduct or comparable conduct by others similarly situated." Fed. R. Civ. P. 11(c)(2). Such sanctions can consist of expenses and attorneys' fees, fines, or other non-monetary penalties.

---

> therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law[.]

Fed. R. Civ. P. 11(b)(emphasis added).

10

This standard is relaxed considerably when the offending party is unrepresented by counsel. Not only are pleadings of <u>pro se</u> plaintiffs to be read with greater latitude and liberality, but also a <u>pro se</u> plaintiff cannot reasonably be held to the same standards of knowledge of legal process as an attorney. It is recognized that "[a] layman cannot be expected to realize as quickly as a lawyer would that a legal position has no possible merit, and it would be as cruel as it would be pointless to hold laymen who cannot afford a lawyer . . . to a standard of care that they cannot attain even with their best efforts." <u>Bacon v. AFSCME Council</u>, 795 F.2d 33, 34-35 (7th Cir. 1986). But there comes a point when repeated efforts to revive a hopeless case, after repeated rejections painstakingly explained by the court, must be understood and accepted by any reasonable person, because "when a layman persists in a hopeless cause long after it should have been clear to him, as a reasonable (though not law-trained) person, that his cause was indeed hopeless sanctions should be imposed." <u>Id.</u> at 35.

Some courts have employed a more subjective standard in evaluating <u>pro se</u> plaintiff's state of mind, reasoning that there may be occasions when one who is untrained in the law might well believe that it is reasonable to pursue an objectively, legally hopeless cause. In such instances, the fact that a plaintiff's claim had been previously determined to be non-meritorious way

11

weigh against any reasonable basis for plaintiff to attempt to revive his cause.  Such a situation arose in Fiore v. Thornburgh, 658 F. Supp. 161 (W.D. Pa. 1987), aff'd mem., 833 F.2d 304 (3d Cir. 1987)(Table).  In Fiore, the pro se party had actual knowledge (from prior proceedings) that his civil rights claim was unwarranted by existing law - in fact, his prior case had been determined on the merits when he was represented by counsel.  The court held:

> We realize that the plaintiff in this case is pro se.
> Nonetheless, the sequence of events which culminated in
> this action [have] lead us to believe that plaintiff knew
> the action was frivolous prior to filing the complaint,
> and that he initiated it in order to harass defendants
> who had testified against him, prosecuted him, or acted
> as judges in prior criminal proceedings.

Id. at 165.

Thus, where Rule 11 sanctions are sought against a pro se plaintiff, the court must require the movant to demonstrate, under all the circumstances, that no reasonable person could have believed that the pleading was presented for a proper purpose and that the claims are warranted by existing law or a non-frivolous argument to extend, modify or reverse existing law.

With these standards in mind, the Court examines the present circumstances.

### 2. Analysis

The Court will grant Defendants' renewed motion for sanctions as Plaintiff's motion to reopen is wholly without merit

12

and the Court can surmise no reasonable explanation for Plaintiff bringing this motion other than to harass Defendants and prolong this litigation. Indeed, the frivolous and vexatious nature of the motion is evident from Plaintiff's failure to allege any facts that would amount to any fraudulent misconduct on the part of Defendants. The frivolity in Plaintiff's motion is clearly evident in the fact that, even if Plaintiff's motion to reopen was granted, the Court would still be without subject matter jurisdiction to adjudicate this case (as the Court found when it granted Defendants' original motion to dismiss). Moreover, the underlying claim has been rejected in two courts -- Superior Court and this Court -- and there is no prospect that Plaintiff's claim has suddenly blossomed nine years after his termination for repeated cocaine abuse.

Plaintiff's motion to reopen is all the more unreasonable in light of the clear warning this Court gave Plaintiff in its June 16, 2005 Memorandum Opinion and Order. See Talley v. City of Atlantic City, No. 04-1146, slip. op. at 5 (D.N.J. June 16, 2005). The Court stated that "[s]hould Plaintiff engage in a pattern of litigation abuse in the future in filing frivolous motions with the Court, a renewed motion for sanctions may be appropriate." Id. at 5-6. The Court characterized such a warning as a "word to the wise." Id. Plaintiff, however, ignored the Court's cautionary advice and instead did the exact

13

thing the Court warned him not to do -- file another frivolous motion that has no legal or factual basis and requires the Defendants to waste further time and money to defend themselves from Mr. Talley's repeated baseless harassment. The only explanation for Mr. Talley's conduct is that he wants to continue to harass those who enforced the termination clause of his Last Chance Agreement in 1998.

Due to Plaintiff's failure to heed the Court's warning and his continued abuse of the litigation process, the Court will grant Defendants' motion for sanctions. The appropriate sanctions in this matter are for Plaintiff to pay Defendants' reasonable attorneys' fees and costs related to (1) Defendants' opposition to Plaintiff's motion to reopen and (2) Defendants' motion for sanctions. Plaintiff, although *pro se*, has not proceeded in forma pauperis, and he paid the filing fee for his complaint in 2004. It is reasonable to suspect that he is capable of paying an appropriately modest sanction. The Court deems this sanction sufficient to deter Plaintiff from continuing to file frivolous motions that Defendants must respond to and this Court must address, but not overly punitive to this *pro se* Plaintiff. To this end, Defendants shall file with the Court an affidavit, conforming to L. Civ. R. 54.2, setting forth all Defendants' attorneys' fees and costs (complete with attorney billing records) incurred in response to Plaintiff's current

motion to reopen and in filing the present motion for sanctions, within ten (10) days of the entry of this Opinion and Order.[4] Mr. Talley may file any objection to the reasonableness of fees requested within ten (10) days after service of Defendant's affidavit.

---

[4] Although not raised by either party, the Court has considered the fact that Defendants' have not complied with the "safe harbor" provision in Rule 11(c). The "safe harbor" provision requires a party moving for sanctions to offer the opposing party a chance to withdraw or correct "the challenged paper, claim, defense, contention, allegation, or denial." See Fed. R. Civ. P. 11(c)(1)(A); Hockley v. Shan Enters. Ltd. Partnership, 19 F. Supp. 2d 235, 240 (D.N.J. 1998). The Court holds that strict compliance with the "safe harbor" provision is not fatal to this motion for sanctions for two reasons. First, Plaintiff has given no indication to the Court or Defendants that, even if Defendants had provided him with the required notice, he would have withdrawn the violative motion to reopen. Indeed, more than three months have passed since the time Defendants filed their motion for sanctions and Plaintiff has not withdrawn or corrected his motion but actually made an additional frivolous request of the Court. [Docket Item No. 59.] Second, in the Court's June 16, 2005 Memorandum Opinion and Order, Plaintiff was clearly warned that the filing of another frivolous motion in this case would lead to Defendants' renewing their motion for sanctions and the likelihood that –- based on the Court's earlier indication that Defendants' argument for sanctions was "strong" –- the Court would levy such sanctions on Plaintiff. Indeed, the Court's earlier warning served the exact purpose of Rule 11's safe harbor provision, that is "to stress the seriousness of a motion for sanctions and to define precisely the conduct claimed to violate the rule." Fed. R. Civ. P. 11 advisory committee's notes to 1993 Amendment; see also Slater v Skyhawk Transp., Inc., 187 F.R.D. 185 200 (D.N.J. 1999). Moreover, the present monetary sanction is limited to redressing Plaintiff's vexatious conduct toward Defendants after the warning was given in 2005, and which motion Plaintiff has not opposed.

**III. CONCLUSION**

For the reasons discussed above, this Court will (1) deny Plaintiff's motion to reopen the case and (2) grant Defendants' motion for Rule 11 sanctions. The accompanying Order will be entered.

**July 10, 2007**                               **s/ Jerome B. Simandle**
Date                                            JEROME B. SIMANDLE
                                                United States District Judge