[relates to Docket Item #62]

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

JAMES TALLEY,

       Plaintiff,

    v.

THE CITY OF ATLANTIC CITY NEW
JERSEY, <u>et al.</u>,

       Defendants.

HON. JEROME B. SIMANDLE

Civil Action No.
04-1146 (JBS)

**MEMORANDUM OPINION**

    This matter having come before the Court upon the filing of a certification of counsel (Donna Lee Vitale, Esq.) by Defendant City of Atlantic City (the "Vitale Certification") seeking reasonable costs and attorneys' fees as a sanction under Rule 11, Fed. R. Civ. P.  [Docket Item No. 62.]  Counsel for Defendants City of Atlantic City and other individuals and entities associated with the City of Atlantic City ("Defendant") submit the Vitale Certification at the direction of the Court in the Court's July 10, 2007 Opinion and Order.  The Court having considered the Vitale Certification and Plaintiff James Talley's objections thereto;

    **THE COURT FINDS as follows:**

    1.  On July 11, 2007 this Court entered an Opinion and Order relating to two motions: (1) Plaintiff James Talley's motion to reopen the case and (2) Defendants' motion for sanctions pursuant to Rule 11, Fed. R. Civ. P.  <u>See</u> <u>Talley v. City of Atlantic City</u>,

No. 04-1146, 2007 U.S. Dist. LEXIS 49486, at *1 (D.N.J.; filed July 10, 2007)(the "July 2007 Order").  In the July 2007 Order, the Court denied Plaintiff's motion to reopen the case (finding the motion wholly without merit) and granted Defendants' motion for Rule 11 sanctions.  In granting Defendants' motion for sanctions, the Court left the amount of the sanctions open and required Defendants to file with the Court an affidavit, conforming with L. Civ. R. 54.2, setting forth all Defendants' attorneys' fees and costs (complete with attorney billing records) incurred in response to Plaintiff's motion to reopen and in filing their motion for Rule 11 sanctions.  (Id. at 14-15.) The Court also allowed Talley to file any objection within ten (10) days after service of Defendants' affidavit.  (Id.)

2.  On July 17, 2007, counsel for Defendants Donna Lee Vitale filed the Vitale Certification. [Docket Item No. 62.] The Vitale Certification stated that (1) as an attorney with Jasinski and Williams, P.C., she had an agreement with the City of Atlantic City to provide legal services at the rate of $90 per hour[1] and (2) she expended a total of 13.4 hours in responding to Talley's motion to reopen and in preparing her motion for sanctions.  (Vitale Cert. ¶¶ 5-6.)  Counsel attached her attorney

_____

[1]  Counsel for Defendants also states that the prevailing rate for defense attorneys in the employment and labor field in South Jersey with more than five years of experience is between $250 and $300 per hour.

billing records which reference that her work totaled $1,206.00. (Id. ¶¶ 7-8.)

3.    In his opposition to the Vitale Certification, Talley does not take issue with the reasonableness of either counsel's billing rate or the number of hours expended on this matter. Rather, Talley asserts that he has diminished ability to pay any judgment related to Defendants' fees.  Specifically, Talley contends that he is indigent, receives Social Security Disability and "any fines are extremely devoid of reasonableness." (Talley's Opp. at 6.)

4.    The Court first concludes that Vitale's billing rate of $90 per hour is certainly reasonable for an attorney of her experience performing legal work in the area of employment law in Federal Court.  It is substantially below the customary rate for an attorney of her experience and specialization before this Court.  Moreover, the Court finds that Vitale's expenditure of 13.4 hours to respond to Mr. Talley's motion, draft her own motion for sanctions, and draft certain required correspondence is reasonable.  Her papers reflected considerable effort, thoughtfulness and efficiency.  Consequently, the Court finds that Defendants' counsel's fees in the lodestar amount of $1,206.00 are reasonable.

5.    A sanctioned party's depressed financial circumstances must be assessed before determining a monetary sanction under

3

Rule 11, where inability to pay is claimed.  <u>Jones v. Pittsburgh</u>
<u>Nat'l Corp.</u>, 899 F.2d 1350, 1359 (3d Cir. 1990).  The purpose of
Rule 11 sanctions is deterrence of further litigation misconduct
through baseless filings.  Thus, as the Eleventh Circuit has
noted:

> Sanction orders must not involve amounts that are so
> large that they seem to fly in the face of common
> sense, given the financial circumstances of the party
> being sanctioned. What cannot be done [financially]
> must not be ordered to be done. <u>Miccosukee Tribe v.</u>
> <u>South Florida Water Management District</u>, 280 F.3d 1364,
> 1370 (11th Cir. 2002)(discussing injunctions). And,
> sanctions must never be hollow gestures; their bite
> must be real. For the bite to be real, it has to be a
> sum that the person might actually pay. A sanction
> which a party clearly cannot pay does not vindicate the
> court's authority because it neither punishes nor
> deters.

<u>Martin v. Automobili Lamborghini Exclusive, Inc.</u>, 307 F.3d 1332,
1337 (11th Cir. 2002).  Accordingly, the Court gave Mr. Talley
the opportunity to contest the reasonableness of the requested
sanction award, including proof of inability to pay.

6.   The Court is sympathetic to Plaintiff's economic
hardships.  Plaintiff has indicated that his source of income is
funds he receives from Social Security Disability payments.  He
paid the filing fee in this Court, but has been allowed to
proceed in forma pauperis in other courts.  He also received
public assistance in the form of welfare, rental subsidy and food
stamps, according to his affidavit of indigency filed herein on
March 10, 2004, before he paid his filing fee. [Docket Item No.

1.] Although Mr. Talley has not supplied the amount of his Social Security monthly disability award, which depends on past years of experience and income, the Court will conservatively estimate this monthly monetary benefit to be in the area of $1,000, based on past experience in Social Security disability appeals upon the docket.

7.    The Court finds that $1,206.00 is a significant amount of money, extending beyond Plaintiff's ability to pay.  The Court will reduce the Rule 11 award against Mr. Talley to the sum of $250.00, which the Court finds to lie within his ability to pay. This figure approximates one week of his monthly income from Social Security disability benefits, not counting any amounts received from food stamps, rental subsidy, or public welfare payments.  The Court deems this amount sufficient (but not overly punitive) under Rule 11 to deter Plaintiff from continuing to file frivolous motions that continue to disregard both well-settled principles of law and the law of this case.

5

**CONCLUSION**

Accordingly, the Court finds that Jasinski and Williams, P.C., as counsel for Defendants is entitled to attorney's fees in the amount of $250.00.  This figure represents a reduction of more than 75% from the reasonable lodestar figure of $1,206.00 due to Plaintiff's limited ability to pay the greater amount. The accompanying Judgment is entered as the final Order herein.

**September 6, 2007**                    **_s/ Jerome B. Simandle_**
Date                                     JEROME B. SIMANDLE
                                         U.S. District Court