[relates to Docket Item #64]

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JAMES TALLEY,<br><br>    Plaintiff,<br><br>  v.<br><br>THE CITY OF ATLANTIC CITY NEW JERSEY, et al.,<br><br>    Defendants. | HON. JEROME B. SIMANDLE<br><br>Civil Action No.<br>04-1146 (JBS)<br><br>**MEMORANDUM OPINION** |

    This matter having come before the Court upon the motion for reconsideration filed by Plaintiff James Talley ("Plaintiff"). [Docket Item No. 64] seeking reconsideration of this Court's July 10, 2007 (1) denial of Plaintiff's motion to reopen his case and (2) grant of Defendants' (the City of Atlantic City and other individuals and entities associated with the City of Atlantic City) ("Defendants") motion for sanctions. [Docket Item Nos. 60, 61.]  The Court having Plaintiff's submission in support of his motion for reconsideration and having received no opposition from Defendants thereto;

    **THE COURT FINDS as follows:**

    1.  On July 11, 2007 this Court entered an Opinion and Order relating to two motions: (1) Plaintiff James Talley's motion to reopen the case and (2) Defendants' motion for sanctions pursuant to Rule 11, Fed. R. Civ. P.  See Talley v. City of Atlantic City, No. 04-1146, 2007 U.S. Dist. LEXIS 49486 at *1 (D.N.J; filed July

10, 2007)(the "July 2007 Order").  In the July 2007 Order, the Court denied Tally's motion to reopen the case (finding the motion wholly without merit) and granted Defendants' motion for Rule 11 sanctions.  (<u>Id.</u> at 7-8, 12-14.)

2.   Plaintiff's motion to reopen under Fed. R. Civ. P. 60 was based on alleged misconduct and fraud on the part of Defendants.  In denying Plaintiff's motion to reopen his case, the Court noted that Plaintiff merely put forth vague accusations without any evidence that any Defendant engaged in any acts of fraud or misconduct.  The Court held that "[c]laims of fraud must be plead with factual specificity, as required by Rule 9(b), Fed. R. Civ. P., and blanket, conclusory, allegations of the sort Mr. Talley hurls at adverse parties, with no factual support, do not suffice."  <u>Talley</u>, 2007 U.S. Dist. LEXIS 49486, at *8.  Because Plaintiff failed to provide the Court with any framework from which to determine whether any of the Defendants engaged in fraud or how such fraud prevented Plaintiff from fully and fairly presenting his case, the Court held that "Plaintiff falls far short of meeting his burden under Rule 60(b)(3)" and denied Plaintiff's motion to reopen.

3.   The Court next granted Defendants' renewed motion for sanctions under Rule 11, Fed. R. Civ. P. against Plaintiff.  (<u>Id.</u> at 12-13.)  In so holding, the Court found that Plaintiff's motion to reopen was "wholly without merit" and that the Court

surmised the only reason Plaintiff brought the motion was "to harass Defendants and prolong this litigation." (Id. at 13.) The Court next stated that sanctions against a pro se Plaintiff, while unusual, were warranted in this case given Mr. Talley's "failure to heed the Court's warning and his continued abuse of the litigation process."[1]  (Id. at 14.)

    4.  Undeterred by this stern warning and the grant of Defendants' motion for sanctions, Plaintiff filed this motion for reconsideration on July 20, 2007. [Docket Item No. 64.] Plaintiff does not specify whether he is seeking reconsideration of the Court's denial of his motion to reopen or the Court's grant of Defendants' motion for sanctions.  Rather, Plaintiff's motion, in which he seeks reconsideration under "Rules 9, 11, 37, 56, 60 and 67" contains little more that the same series of vague accusations (without any supporting evidence) of fraud and misconduct on the part of Defendants that was contained in his motion to reopen.

    5.  Local Civil Rule 7.1(i) of the United States District Court, District of New Jersey, governs the instant motion for

---

[1] In granting Defendants' motion for sanctions, the Court left the amount of the sanctions open and required Defendants to file with the Court an affidavit, conforming with L. Civ. R. 54.2, setting forth all Defendants' attorneys' fees and costs (complete with attorney billing records) incurred in response to Plaintiff's motion to reopen and filing the motion for sanctions. (Id. at 14-15.)  The Court also allowed Talley to file any objection within ten days after service of Defendants' affidavit. (Id.)

reconsideration. Rule 7.1(i) requires the moving party to set forth the factual matters or controlling legal authority it believes the court "overlooked" when rendering its initial decision. L. Civ. R. 7.1(i). "[R]econsideration is an extraordinary remedy that is granted very sparingly." Brackett v. Ashcroft, No. 03-3988, 2003 U.S. Dist. LEXIS 21312 at *5 (D.N.J. Oct. 7, 2003)(internal quotations omitted). Whether to grant reconsideration is a matter within the district court's discretion, but it should only be granted where such facts or legal authority were indeed presented but overlooked. See DeLong Corp. v. Raymond Int'l Inc., 622 F.2d 1135, 1140 (3d Cir. 1980). "A party seeking reconsideration must show more than a disagreement with the court's decision, and recapitulation of the cases and arguments considered by the court before rendering its original decision fails to carry the moving party's burden." Panna v. Firstrust Sav. Bank, 760 F. Supp. 432, 435 (D.N.J. 1991)(internal citations omitted). Instead, the party seeking reconsideration must show "at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available . . .; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999).

12.  The arguments put forth by Plaintiff, at best, demonstrate his disagreement with the Court's July 2007 Order. More precisely, Plaintiff's arguments are a collection of random accusations against Defendants and their counsel. Nowhere in Plaintiff's motion does he attempt to show (1) an intervening change in law, (2) new evidence that was previously unavailable, or (3) the need for this Court to correct a clear error of law or fact. This is true with respect to both the Court's denial of Plaintiff's motion to reopen and the Court's grant of Defendants' motion for sanction. Because Mr. Talley is proceeding <u>pro se</u>, this Court has reviewed the record and Plaintiff's motion and accompanying materials thoroughly and carefully, but finds no ground for which reconsideration under L. Civ. R. 7.1(i) may be granted. Consequently, even though Defendants have not filed opposition to this motion, the Court deems it meritless and will deny Plaintiff's motion for reconsideration.

## CONCLUSION

For the reasons expressed in this Memorandum Opinion, the Court will deny Talley's motion for reconsideration. The accompanying Order will be entered.

**September 6, 2007**               **s/ Jerome B. Simandle**
Date                                      JEROME B. SIMANDLE
                                                  U.S. District Court